UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMIE ELLIS THOMAS,<br><br>Plaintiff,<br><br>v.<br><br>J. SCHRAG,<br><br>Defendant. | Case No. 19-cv-00016-HSG<br><br>**ORDER OF SERVICE** |

## INTRODUCTION

Plaintiff, an inmate at California Medical Facility, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against Pelican Bay State Prison ("PBSP") Officer Schrag regarding events that took place on January 29 and 30, 2018, while Plaintiff was housed at PBSP. Plaintiff has been granted leave to proceed *in forma pauperis* in a separate order. His amended complaint (Dkt. No. 13)[1] is now before the Court for review under 28 U.S.C. § 1915A.

## DISCUSSION

**A.  Standard of Review**

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity, or from an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C.

---

[1] After an amended complaint is filed, the prior complaints are treated as non-existent. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992), *as amended* (May 22, 1992). Accordingly, the Court disregards the two complaints filed by Plaintiff prior to the amended complaint (an unsigned complaint at Dkt. No. 1 and a signed complaint at Dkt. No. 7).

§ 1915A(b) (1), (2).  *Pro se* pleadings must be liberally construed.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests.'"  *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted).  "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).  A complaint must proffer "enough facts to state a claim to relief that is plausible on its face."  *Id.* at 570.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated; and (2) that the violation was committed by a person acting under the color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.  Complaint**

According to the complaint, on January 29, 2018, Plaintiff observed Defendant Schrag stopping only African American inmates as they left chapel and asking them, "Where you from," meaning what gang did the individual represent, or what affiliation the individual had.  Defendant Schrag did not stop or question inmates of other ethnicities.  In response to Defendant Schrag's question, Plaintiff disclosed his name and California Inmate Identification Number.  Plaintiff informed Defendant Schrag that if he required further information regarding Plaintiff, he could look up Plaintiff's entire prison central file in the Strategic Offender Management System.  Defendant Schrag than angrily retorted, "Oh we have ourselves a smart-ass educated Nigger who thinks he's funny."  When Plaintiff asked why Defendant Schrag was only targeting African American inmates, Defendant Schrag responded that in his personal experience, "niggers only had enough smarts to swing from trees, eat bananas and watermelons, because all had chimpanzees as mothers!"  Plaintiff realized that Defendant Schrag was trying to provoke a violent incident, so he

2

informed Defendant Schrag that he would be filing an official staff misconduct complaint against Defendant Schrag and that he would inform Defendant Schrag's superiors about his behavior. Defendant Schrag responded that doing so would be a big mistake. Dkt. No. 13 at 3–4.

The next day, on January 30, 2018, as Plaintiff was headed to the law library, Defendant Schrag stopped him and informed him that he had cancelled Plaintiff's law library appointment for the day and had ordered Plaintiff confined to quarters for forty-eight hours. Defendant Schrag told Plaintiff that he needed to be taught a lesson about starting trouble, referring to the staff complaint that Plaintiff filed regarding the above incident. Plaintiff asked Defendant Schrag what he had done to warrant being confined to quarters, but Defendant Schrag refused to answer. As a result of his confined to quarters status, Plaintiff was unable to attend exercise, rehabilitative program, and dayroom activities, and was unable to make collect telephone calls. That evening, Plaintiff submitted a staff misconduct complaint against Defendant Schrag, and a Request for Interview Form to Defendant Schrag. Dkt. No. 13 at 5–7.

The following day, on January 31, 2018, Plaintiff requested to speak to a mental health specialist because he felt depressed. On his way to the specialist, he was intercepted by Defendant Schrag, who ordered Plaintiff to follow him into his office which is located in an isolated area. When Plaintiff entered the room, he saw that eight correctional officers were already waiting in the room. Defendant Schrag told Plaintiff that these officers were part of his personal goon squad. Defendant Schrag threatened Plaintiff that if Plaintiff continued to make trouble by asking why he had been confined to quarters, Defendant Schrag would start issuing false serious rules violations reports and inflict further discipline upon Plaintiff. Dkt. No. 13 at 7–8. Defendant Schrag then crumpled up Plaintiff's Request for Interview Form and threw it in the trash can. He told Plaintiff that Plaintiff needed to make what happened earlier that week a dead issue or he would have Plaintiff transferred to a different yard thereby "completely disrupting [Plaintiff's] entire program."

**C.     Legal Claims**

Plaintiff alleges that Defendant Schrag has retaliated against him in violation of the First Amendment, and had him confined to quarters without providing the required procedural

3

United States District Court
Northern District of California

1 protections, in violation of the Fourteenth Amendment's due process clause.

2 Plaintiff's allegation that, in retaliation for filing a staff misconduct complaint against him, Defendant Schrag had him confined to quarters and threatened him with violence states a cognizable First Amendment retaliation claim. "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567–68 (9th Cir. 2005) (footnote omitted). The right of access to the courts extends to established prison grievance procedures. *See Bradley v. Hall*, 64 F.3d 1276, 1279 (9th Cir. 1995). Thus, a prisoner may not be retaliated against for using such procedures. *See Rhodes*, 408 F.3d at 567.

Plaintiff alleges that his Fourteenth Amendment due process rights were violated because he was not provided with procedural due process (i.e. notice, a hearing, the right to call witnesses) prior to being placed on disciplinary confined to quarters status. Dkt. No. 13 at 11–12. Plaintiff has failed to state a cognizable federal due process claim. "The requirements of procedural due process apply only to the deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty and property." *Board of Regents v. Roth*, 408 U.S. 564, 569 (1972). The Supreme Court has significantly limited the instances in which due process can be invoked. Pursuant to *Sandin v. Conner*, 515 U.S. 472, 483 (1995), a prisoner can show a liberty interest under the Due Process Clause of the Fourteenth Amendment only if he alleges a change in confinement that imposes an "atypical and significant hardship . . . in relation to the ordinary incidents of prison life." *Id.* at 484 (citations omitted). "Discipline by prison officials in response to a wide range of misconduct falls within the expected perimeters of the sentence imposed by a court of law." *Id.* at 485.

In this case, Plaintiff has failed to establish a liberty interest protected by the Constitution because being confined to quarters for forty-eight hours is not the type of "dramatic departure from the basic conditions" of his confinement that would give rise to a liberty interest before he can claim a violation of due process. *Id.* at 485 (holding that placing an inmate in administrative

4

segregation for thirty days "did not present the type of atypical, significant deprivation in which a state might conceivably create a liberty interest."). Plaintiff's Fourteenth Amendment claim is DISMISSED with prejudice.

**CONCLUSION**

1. The Court finds that the amended complaint states a cognizable First Amendment retaliation claim. Plaintiff's Fourteenth Amendment claim is DISMISSED with prejudice.

2. The Clerk shall issue summons and the United States Marshal shall serve, without prepayment of fees, a copy of the amended complaint with all attachments thereto (Dkt. No. 13), and a copy of this order upon defendant J. Schrag at Pelican Bay State Prison, 5905 Lake Earl Drive, Crescent City, California 95531. A courtesy copy of the amended complaint with attachments and this order shall also be mailed to the California Attorney General's Office.

3. In order to expedite the resolution of this case, the Court orders as follows:

    a. No later than 91 days from the date this Order is filed, Defendant must file and serve a motion for summary judgment or other dispositive motion, or a motion to stay as indicated above. If Defendant is of the opinion that this case cannot be resolved by summary judgment, Defendant must so inform the Court prior to the date the motion is due. A motion for summary judgment also must be accompanied by a *Rand* notice so that Plaintiff will have fair, timely, and adequate notice of what is required of him in order to oppose the motion. *Woods v. Carey*, 684 F.3d 934, 939 (9th Cir. 2012) (notice requirement set out in *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998), must be served concurrently with motion for summary judgment). A motion to dismiss for failure to exhaust available administrative remedies similarly must be accompanied by a *Wyatt* notice. *Stratton v. Buck*, 697 F.3d 1004, 1008 (9th Cir. 2012).

    b. Plaintiff's opposition to the summary judgment or other dispositive motion must be filed with the Court and served upon Defendant no later than 28 days from the date the motion is filed. Plaintiff must bear in mind the notice and warning regarding summary judgment provided later in this order as he prepares his opposition to any motion for summary judgment. Plaintiff also must bear in mind the notice and warning regarding motions to dismiss for non-exhaustion provided later in this order as he prepares his opposition to any motion to dismiss.

c. Defendant shall file a reply brief no later than 14 days after the date the opposition is filed. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion.

4. Plaintiff is advised that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact – that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(c), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. *Rand v. Rowland*, 154 F.3d 952, 962–63 (9th Cir. 1998) (en banc) (App. A).

Plaintiff also is advised that a motion to dismiss for failure to exhaust available administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end your case, albeit without prejudice. You must "develop a record" and present it in your opposition in order to dispute any "factual record" presented by the defendant in his motion to dismiss. *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003).

(The *Rand* and *Wyatt* notices above do not excuse Defendant's obligation to serve said notices again concurrently with motions to dismiss for failure to exhaust available administrative remedies and motions for summary judgment. *Woods*, 684 F.3d at 939).

5. All communications by Plaintiff with the Court must be served on Defendant's counsel by mailing a true copy of the document to Defendant's counsel. The Court may disregard any document which a party files but fails to send a copy of to his opponent. Until Defendant's counsel has been designated, Plaintiff may mail a true copy of the document directly to Defendant,

6

but once a defendant is represented by counsel, all documents must be mailed to counsel rather than directly to that defendant.

6. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

7. Plaintiff is responsible for prosecuting this case. Plaintiff must promptly keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Plaintiff must file a notice of change of address in every pending case every time he is moved to a new facility.

8. Any motion for an extension of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

9. Plaintiff is cautioned that he must include the case name and case number for this case on any document he submits to the Court for consideration in this case.

**IT IS SO ORDERED.**

Dated: 5/1/2019

HAYWOOD S. GILLIAM, JR.
United States District Judge